ANNIE E. HICKS *vs.* WILLIAM M. LEE, City Treasurer.

DECEMBER 16, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Demurrers. Exceptions.*

In an action to recover for injuries sustained on a highway, where a special plea set up that the city was under no duty to repair the highway because prior to the accident it was adopted as a part of the State Highway system, a demurrer to the plea on the ground that it did not appear that the highway at the point where the accident occurred had been constructed and improved by the Board of Public Roads so as to take away from the city the duty of keeping it in repair, does not raise the question whether or not the taking over of a part of a highway by the State Board of Public Roads and making it a part of the State Highway system under Gen. Laws, 1909, cap. 84, exonerates the municipality from all further responsibility for repair and maintenance and for injuries arising from its neglect of duty, but merely alleges that the defendant has not by proper allegation brought himself within the terms of the statute, and the Superior Court in overruling the demurrer held that the statute was sufficiently pleaded; therefore, the decision of the Superior Court was merely incidental and related only to the sufficiency of the plea in form and did not go to the merits of the case, and a bill of exceptions to such decision was premature.

TRESPASS ON THE CASE.   Heard on motion of defendant to dismiss plaintiff's bill of exceptions.   Motion granted.

PARKHURST, J.   On defendant's motion to dismiss plaintiff's bill of exceptions.

This is an action of the case brought by the plaintiff to recover for injuries alleged to have been suffered by her by reason of a certain obstruction in a public highway, in the City of Cranston.

The defendant pleads the general issue; and also specially in bar, in effect, that the City of Cranston was under no duty to repair, etc., the highway at the point where the accident is alleged to have occurred, because, prior to the time of the accident, that part of the highway was adopted as a part of the State Highway System under act of the legislature; the specific chapter of the laws of Rhode Island referred to in the plea is not given, nor is there any para-

phrase of the language of the statute; but it is conceded in argument that the statute referred to is Gen. Laws, R. I. (1909), Chap. 84, with particular reference to the latter part of Section 6 of that Chapter, p. 324. The portion of that section specially referred to is as follows: "and every public road, any part of which is constructed or improved as aforesaid, or after the plans and specifications aforesaid have been filed and contract for the construction or improvement of such road or part thereof has been made as aforesaid, shall be known as a state road and be kept in good repair from the time of said construction and improvement at the expense of the state under the supervision of said state board. Every such town or city shall at its own expense keep such state road within its limits, respectively, sufficiently clear of snow and ice so the same shall be reasonably safe for travel as now required by law, and shall at once notify in writing the State Board of Public Roads or its employees of any defect or want of repair of such roads."

The plaintiff joined issue on the plea of the general issue; and filed a demurrer to the special plea, on the single ground that "It does not appear in and by said plea that the said Pontiac Avenue, at the point where the accident occurred, has been constructed and improved by the said Board of Public Roads so as to take away from said City of Cranston the duty of keeping said highway at said point in repair."

This demurrer was overruled upon hearing in the Superior Court and the plaintiff took exception and prosecuted a bill of exceptions based thereon to this court.

The defendant moves to dismiss the bill of exceptions as premature under Gen. Laws, R. I. 1909, Chap. 298, § 24, which reads as follows: "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the Supreme Court that the verdict or final decision was erroneously affected thereby."

The plaintiff's counsel while admitting that the overruling of the demurrer was "prior to trial" on the merits, claims

that it is in effect, if allowed to stand, a final decision of this case for the defendant; because it determines that the defendant's plea setting up the statute in bar is a good plea. The plaintiff's counsel appears to think that, by his demurrer to the plea, he has raised the question whether or not the taking over of a part of a highway by the State Board of Public Roads and making it a part of the State Highway System, under Chapter 84 above referred to, thereby exonerates the municipality, within which the road lies and which formerly was responsible for its repair and maintenance and for injuries arising from its neglect of duty in this respect, from all further responsibility for such repair and maintenance and for such injuries.

But the demurrer does not raise this question; its only ground is, in effect, that the defendant has not by proper allegation brought himself within the terms of the statute; and the Superior Court, in effect, by overruling the demurrer says that the defendant has sufficiently pleaded the statute to bring himself within its terms; or in other words, that the general, broad reference to the statute in the plea coupled with the allegation that "the part on which the alleged accident occurred, was adopted as a part of the State Highway System, thereby relieving the said City of Cranston from liability for the condition of said Highway," is a sufficient pleading of the statute without reciting in detail the steps taken by the State Board in taking over the highway.

If the plaintiff, in her demurrer, had taken the ground that the taking over of a portion of the highway under the statute by the State Board did not as a matter of law relieve the city of liability under the general laws regarding maintenance and repair of highways, the question would then have been raised, as plaintiff's counsel appears to contend as set forth above.

As the pleadings stand no such question was raised, and the decision of the Superior Court in overruling the demurrer is simply to the effect that the plea is in proper form so that the defendant can claim exemption under the statute.

The case is at issue, as to all material facts set forth in the declaration, under the plea of the general issue; the special plea tenders an issue of fact on the question whether or not the portion of the highway where the accident is alleged to have occurred has been taken over by the State Board and has thereby become a part of the State Highway System to which the plaintiff has not yet replied; the question as to the sufficiency of the special plea as a matter of law as raised by the demurrer, relates only to the form of the plea, and does not determine the merits of the case; and the question as to the exemption of the defendant by reason of the statute as claimed by the special plea is not raised by the demurrer.

The decision, to which exception is taken, is therefore merely incidental and relates only to the sufficiency of the special plea in form, and does not go to the merits of the case. The bill of exceptions is therefore brought prematurely.

The motion to dismiss the bill of exceptions is granted, and the case is remitted to the Superior Court for further proceedings.

*Waterman & Greenlaw,* for plaintiff.

*Frank H. Wildes,* for defendant.